Julio Cesar JUMIQUE–LOPEZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–72467.

Agency No. A70–774–275.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Jan. 14, 2005.

Robert G. Berke, Esq., Los Angeles,
CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of
Homeland Security, San Francisco, CA,
Richard M. Evans, Esq., Michael P. Linderman, Attorney, Alison Marie Igoe,
David Dauenheimer, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, HALL, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Julio Cesar Jumique–Lopez, a native
and citizen of Guatemala, petitions for review of the Board of Immigration Appeals'
("BIA") affirmance without opinion of the
Immigration Judge's ("IJ") final order denying his application for asylum. We have
jurisdiction pursuant to 8 U.S.C. § 1252,
and we grant the petition for review.[1]

The IJ's conclusion that Jumique–Lopez's fear of future persecution is "specula-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject Jumique–Lopez's due process arguments. First, his due process challenge to the BIA's decision to streamline his case is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003). Second, the BIA did not dismiss his appeal for failure to file a timely brief, as Jumique–Lopez argues, but rather decided his case on the merits. Consequently, Jumique–Lopez suffered no due process violation.

tive rather than well founded" was not supported by substantial evidence. Jumique–Lopez was threatened on five or six occasions by members of the army who told him to stop his work in propaganda advertising for the Central Union Party ("UCN"). His work appeared in a newspaper that was published nationwide. On one occasion, a gun was placed to his chest as the threat was repeated. In addition, Jumique–Lopez's father was murdered for his involvement with the UCN. Finally, Jumique–Lopez testified that as the newspaper is distributed throughout the entire country, he would not be safe from persecution anywhere in Guatemala. *Cf. Kaiser v. Ashcroft,* 390 F.3d 653, 659–60 (9th Cir. 2004).

Although the IJ found that it was merely "speculative" that the Guatemalan government was responsible for these threats to Jumique–Lopez's life, no evidence was offered to the contrary, and Jumique–Lopez's credibility was never questioned. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1159 (9th Cir.2002). Furthermore, even if the Guatemalan government did not perpetrate the persecution, the documentary evidence in the record indicates that it was unwilling or unable to control such political violence.

Because the IJ's ruling was not supported by substantial evidence, and all the evidence presented compels a contrary conclusion, Jumique–Lopez has met his burden of establishing eligibility for asylum.[2] We therefore remand to the BIA with directions to present Jumique–Lo-

pez's asylum claim to the Attorney General for the exercise of his discretion. *See Ge v. Ashcroft,* 367 F.3d 1121, 1127 (9th Cir. 2004).

PETITION GRANTED; REMANDED.

---

2. Although Jumique–Lopez made arguments below concerning withholding of deportation, he made only a passing reference to the issue in the "Standard of Review" section in his opening brief and did not elaborate further. Therefore, we do not consider the issue, as it was insufficiently raised. *See Indep. Towers of Wash. v. Wash.,* 350 F.3d 925, 929 (9th Cir.2003) (quotations omitted) ("[W]e cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief.")

